BLD-274                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1759
_____

DAVE WILLIAMS,
                                              Appellant

v.

DR. B. JIN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:15-cv-00855)
District Judge: Honorable Nora B. Fischer

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: July 14, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In this civil rights action brought under 42 U.S.C. § 1983, Dave Williams, a prisoner at SCI-Greene who is proceeding pro se, appeals from an order of the United States District Court for the Western District of Pennsylvania granting the defendant's motion for summary judgment and denying his motion for partial summary judgment. Because the appeal does not present a substantial question, we will summarily affirm.

In his complaint, Williams alleged that Dr. Byunghak Jin, the medical director at SCI-Greene, violated his Eighth Amendment rights by failing to adequately treat a right inguinal hernia. Williams first complained about the hernia in May 2011.[1] Dr. Jin examined Williams and concluded that the hernia was easily reducible, instructed him about how to manage it, and indicated that he should be reevaluated in one year. On December 30, 2011, Williams appeared at sick call and was examined by the attending physician, Dr. Park, who concluded that Williams' hernia was sagging into his scrotum. Accordingly, Dr. Park recommended that Williams be referred to Dr. Jin to discuss surgery. On January 5, 2012, Dr. Jin examined Williams, noted that the hernia was reducible and small in size, and ordered Williams to wear a hernia strap for six months. Williams received the hernia strap on January 9, 2012. On April 24, 2012, Williams reported that the hernia strap had broken, but he was provided with a replacement on May 2, 2012. On July 16, 2012, Williams appeared at sick call and complained that the hernia

---

[1] In April 2007, Williams had surgery to repair a *left* inguinal hernia. At a follow-up appointment approximately one week later, the surgeon noted that Williams might have a "small right inguinal hernia," which could require more surgery pro re nata (as needed).

had not improved. Although the record does not indicate what treatment Williams received at that time, he did not seek additional care for his hernia until February 2013, when he sought and received a renewal of his hernia strap prescription. In April 2014, Williams appeared at sick call and complained that the renewed hernia strap was too big. A physician's assistant exchanged the strap for a smaller one, noting that Williams "was in no acute distress and that he stated that he was not in any pain." In January 2015, a physician's assistant examined Williams, who complained about the hernia and asked about surgery. The physician's assistant noted that Williams' hernia was reducible and advised him to continue wearing the strap. In April 2015, Dr. Jin noted that Williams still had the hernia, renewed Williams's hernia strap, and indicated that the hernia was self-reducing through use of the strap.

Williams filed his complaint in July 2015. Dr. Jin filed a motion for summary judgment, arguing that the evidence demonstrated that Williams received regular and appropriate treatment. After a review of the summary judgment record, a Magistrate Judge recommended that Dr. Jin's summary judgment motion be granted because Williams did not adduce evidence sufficient to create a genuine issue of material fact. Over Williams' objections, the District Court granted summary judgment to Dr. Jin and denied Williams' motion for partial summary judgment. Williams appealed.

---

Williams' complaint does not appear to challenge the treatment he received for the left inguinal hernia.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 327-28 (3d Cir. 2016). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial question. 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

To succeed on an Eighth Amendment claim for the denial or delay of medical care, Williams is required to demonstrate that Dr. Jin was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). Deliberate indifference can be shown by a prison official's "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. Allegations of medical malpractice are not sufficient to establish a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990). Furthermore, "mere disagreement as to the proper medical treatment" does not support a claim of an Eighth Amendment violation. Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

It is clear from the record that Williams received timely and adequate medical attention when he complained about the right inguinal hernia. The undisputed medical records demonstrate that Dr. Jin, pursuant to his professional judgment, tailored

4

Williams' treatment to his symptoms. Williams' disagreement with the treatment is insufficient to establish deliberate indifference. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Williams did not present any evidence from which a reasonable juror could conclude that Dr. Jin intentionally refused to provide needed treatment, delayed necessary treatment for a non-medical reason, prevented Williams from receiving required treatment, or persisted in a particular course of treatment "in the face of resultant pain and risk of permanent injury." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (quoting White v. Napoleon, 897 F.2d 103, 109-11 (3d Cir. 1990)). Accordingly, the District Court properly granted Dr. Jin's motion for summary judgment. See Johnson v. Doughty, 433 F.3d 1001, 1014 (7th Cir. 2006) (affirming District Court determination that using hernia belt for reducible inguinal hernia did not constitute deliberate indifference).

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's judgment.